IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV79

| | |
|---|---|
| KCH SERVICES, INC., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| THE NORDAM GROUP, INC., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on appeal from the judgment of the United States Bankruptcy Court Judge Marvin R. Wooten entered February 21, 2006. KCH Services, Inc., appeals the Bankruptcy Court's order allowing the unsecured claim of The Nordham Group, Inc., in the amount of $391,149.07. For the reasons stated below, the judgment of the Bankruptcy Court is affirmed.

## I. STANDARD OF REVIEW

The decision of the Bankruptcy Court is reviewed by a two-step process. Reversal of the findings of fact of the Bankruptcy Court may occur only where the findings are clearly erroneous. ***Logan v. JKV Real***

*Estate Servs. (In re Bogdan)*, 414 F.3d 507, 510 (4th Cir. 2005). The conclusions of law of the Bankruptcy Court, however, are reviewed *de novo*. **Id.**

"Findings of fact are clearly erroneous 'when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *McGahren v. First Citizens Bank & Trust Co. (In re Weiss)*, 111 F.3d 1159, 1166 (4th Cir. 1997) (citing *Green v. Staples (In re Green)*, 934 F.2d 568, 570 (4th Cir. 1991)).

> If the [lower court's] account of the evidence is plausible in light of the record viewed in its entirety, the [appellate court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-574 (1985).

## II. STATEMENT OF FACTS

Appellant KCH Services, Inc. ("KCH" or "Appellant"), voluntarily filed for chapter 11 bankruptcy in or about June 2003. **Exhibit 1, Transcript of Proceedings before U.S. Bankruptcy Court Judge George R. Hodges,**

*attached to* **Brief of Appellee, filed June 1, 2006, at 39.**  On or about November 12, 2003, Appellee The Nordam Group, Inc. ("Nordam" or "Appellee") filed a Proof of Claim in the bankruptcy proceedings for an unsecured claim in the amount of $391,149.07.  ***Id.*, at 40;** *see also***, Proof of Claim, filed November 12, 2003.**  Appellant objected to Nordam's claim, and the Bankruptcy Court held a hearing on July 20, 2005, to determine whether and to what extent Nordam's claim would be allowed.

Nordam's claim against KCH arose out of their business relationship.  KCH manufactured and installed a type of industrial equipment called a "clean line," which is used to clean metal parts for future use in assemblies.  **Tr., at 4, 12, 17.**  After taking bids on the project, Nordam hired KCH to build and install a clean lines system for Nordam's plant in Tulsa, Oklahoma.  **Deposition of Russell Linck, taken February 17, 2005, at 7;** *see also***, Tr., at 15.**  On-site installation began in or about June 2002, and KCH remained at the Tulsa site until late December 2002.  **Tr., at 19, 22; Linck Deposition, at 15.**  When KCH left the Tulsa site, it claimed the work was complete and the workmanship was proper.  Nordam, on the other hand, claimed that KCH failed to complete the project and that it's

workmanship was deficient in numerous ways.  **See, Tr.; Linck Deposition.**

Appellee Nordam's "proof of claim is based upon the failure of KCH to complete [the clean lines] project and the cost to complete the project or to correct deficiencies in the project that Nordam incurred." **Tr., at 4-5.** Nordam's unsecured claim for $391,149.07 consist of two parts.  The first part of the claim is for $81,370.07, which represents the actual costs of repairs, replacements, and/or corrections that Nordam has already performed.  **See, Proof of Claim,** *supra.*  The second part of the claim is for $309,779.00, and represents the estimated costs of the repairs, replacements, and/or corrections that have not been performed but that will be necessary due to KCH's alleged deficient performance.  *Id.*

As the creditor asserting the adverse claim, Nordam had the burden of ultimately establishing the claim's validity.  **See, Tr., at 11-13;** *see also,* ***In re Frank*, 322 B.R. 745, 753-54 (Bankr. M.D.N.C. 2005),** *aff'd* **2006 WL 1596677 (M.D.N.C. 2006) (discussing the burden-shifting process involved with a proof of claim).**  Nordam did not proffer any live testimony at the July 20, 2005, Bankruptcy Court hearing.  **See, Tr.**  Instead, Nordam offered as its evidence the deposition testimony (and

exhibits thereto) of Russell Linck.  **Tr., at 5.**  Linck, a facilities engineer employed by Nordam, worked as an "owner's representative" on the KCH-Nordam clean lines project.  **Linck Dep., at 6.**  As an owner's representative, he was essentially a "go-between in terms of information between Nordam and KCH."  *Id.*, **at 11.**  In addition to personally observing the on-site performance of KCH in installing the clean line, he also documented the installation progress and performed other tasks.  *Id.*, **at 11, 13-14.**  When Linck was not personally on-site, his boss (Ben Rhoades) performed these tasks.  Rhoades kept Linck informed of the progress and events that occurred when Linck was absent.  *Id.*, **at 14.**

When KCH departed the Tulsa job site in December 2002, Linck was assigned the task of reviewing KCH's work, determining what deficiencies existed, and determining the cost attendant to repairing or correcting such deficiencies.  *Id.*, **at 18.**  Linck has extensive experience in performing such tasks, estimating that 40 percent or more of his work experience since graduating from college in 1991 has involved cost estimation.  *Id.*, **at 31-32.**  Both his deposition testimony and the exhibits filed therewith[1]

---

[1] The Linck deposition exhibits are the same as the exhibits filed with Nordam's Proof of Claim and are not duplicated with the deposition in the record.

evidence the manner in which Linck performed his assigned job, including how the labor costs and estimated costs were determined.  ***Id., at 25-28.***  Linck testified that although this was his first opportunity to perform this type of task in relation to an entire clean line system, he had experience estimating costs in relation to many of the various individual components and materials that make up a clean line system.  ***Id., at 50-51.***  According to Linck, any deficiency he noted was based on his personal observation. ***Id., at 19, 21.***  Finally, Linck was not a Nordam employee at the time of his testimony, having voluntarily left Nordam's employ in December 2003 to take a job with another company.  ***Id., at 42.***

Appellee KCH called its president/CEO Kenneth Hankinson as its only witness at the bankruptcy hearing.  **Tr., at 14.**  Hankinson has been KCH's CEO for 26 years.  ***Id.***  He testified that he never received any complaints from Nordam regarding KCH's work and the first he had seen of any deficiency documentation was when Nordam filed its Proof of Claim. ***Id., at 25-27.***  Hankinson testified that KCH completed its work in December 2002, that there were no deficiencies, that KCH did not owe Nordam anything for the project, and that KCH was in fact still owed

$35,000 by Nordam.  *Id., at 22, 30, 24, 37.*  However, he also testified that he had never personally seen the completed project.  *Id., at 39.*

On July 28, 2005, the Bankruptcy Court issued a Memorandum of Decision, concluding that Nordam's claim should be allowed in full.  **See, Memorandum of Decision, filed July 28, 2005.**  The Bankruptcy Court found "that the best evidence of the subject transactions [was] that of Mr. Linck" because of his "first-hand observation of the matters about which he testified" and because he "was present daily throughout all but the end of the work by the debtor[.]"  *Id., ¶ 1.*  The Bankruptcy Court also found that matters regarding projected construction costs are "inherently somewhat speculative, but Mr. Link's projections are detailed, specific and reasonably calculated.  They appear as reliable as one could expect for such projections."  *Id.*  Based on Linck's testimony, the Bankruptcy Court found that "Nordam has demonstrated its claim by the greater weight of the evidence."  *Id.*  The Court also specifically found the testimony of Hankinson "insufficient to rebut Nordam's claim because he was not present and did not have first-hand involvement in the matters involved here."  *Id.*  Finally, the Bankruptcy Court determined that "Nordam's failure to make a 'warranty claim' has [no] significance to sustaining its proof of

claim[,]" because there was no contractual requirement that Nordam give KCH notice of a warranty claim prior to filing a claim, and "Nordam submitted its proof of claim in this case within the period allowed for warranty claims." *Id.*, ¶ 2. On February 21, 2006, the Bankruptcy Court issued an Order allowing Nordam's claim in full, incorporating the Memorandum of Decision, and designating that the Memorandum "shall constitute the findings of fact and conclusions of law of the Court with respect to said matter."[2] **Order, filed February 21, 2006, at 2.**

### III. ANALYSIS

KCH presents four issues for review, all of which are subsumed by the single issue of "did the Bankruptcy Court clearly err in allowing creditor-

---

[2] Federal Rule of Civil Procedure 52, which requires findings of fact and conclusions of law, applies to adversary bankruptcy proceedings. ***See,* Fed. R. Civ. P. 52; Fed. R. Bankr. P. 7052.** While the findings "need not include punctilious detail . . . , [they] must, however, at least be sufficient to permit meaningful appellate review[.]" ***In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999) (citations and quotation marks omitted).** Although the Bankruptcy Court did not set forth its findings at length, the Court nevertheless finds that "the record, combined with the factual findings made by the court, are sufficient to determine the basis for the trial court's decision." **Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1041 (9th Cir. 2000).**

Appellee Nordam's claim?"[3] **Brief of Appellant, filed May 17, 2006, at 4.** In asserting that the Bankruptcy Court clearly erred, KCH raises the following arguments: (1) Nordam failed, on both procedural and substantive grounds, to present evidence sufficient to support its claim, *id.,* **at 13-19**; (2) Nordam should not be allowed to prevail here because Nordam did not present a warranty claim to KCH, *id.,* **at 16**; (3) Part 2 of Nordam's claim is a "guesstimate" that should not have been allowed, *id.,* **at 13-14, 19**; and (4) KCH presented sufficient evidence to rebut Nordam's claim, and the Bankruptcy Court clearly erred by not so finding. *Id.,* **at 17-18.**

Nordam, as the creditor asserting the disputed claim, had the burden of ultimately establishing the claim's validity by the greater weight of the evidence. *See, e.g.,* **In re Frank**, **322 B.R. 745, 753-54 (Bankr. M.D.N.C. 2005) (discussing the burden-shifting process involved with a challenged proof of claim).** At the hearing before the Bankruptcy Court

---

[3] The arguments made by KCH overlap significantly between "issues" presented. Rather than address each issue presented by KCH individually and in order (which would require repetition of the same analyses and conclusions), the Court has extracted the arguments made by KCH and will address them directly in the context of the overarching question of whether the Bankruptcy Court erred in allowing Nordam's claim.

on this matter, Nordam presented the deposition testimony of Russell Linck to satisfy its burden, which evidence the Bankruptcy Court found sufficient to allow both parts of Nordam's claim.  **See, Tr.; Memorandum of Decision, ¶ 1.**  Although KCH fails to make its point completely clear, KCH's assignment of error in regards to the Bankruptcy Court's finding appears to be based on both procedural and substantive grounds - procedurally, that the deposition should not have been considered; and substantively, that even if properly considered, the deposition was not a sufficient basis upon which to allow the claim.  **See, Appellant's Brief, at 13-19.**

The Court finds no procedural error in the Bankruptcy Court's consideration of the deposition testimony of Russell Linck as such testimony was properly before the Court.  While the deposition was never "formally" admitted into evidence, it is abundantly clear from the hearing transcript that the deposition was intended to be a part of the formal record, and, more importantly, that the Bankruptcy Court, Nordam, *and KCH*[4] were treating the deposition as part of the record.  **See, e.g., Tr., at**

---

[4] For example, at one point while questioning Mr. Hankinson, KCH's counsel remarked, "Mr. Lin[c]k seems to imply in his deposition, *which is now before the court* . . . ."  **Tr., at 16 (emphasis added); see also, Tr., at**

5; **Bankruptcy Memorandum, ¶ 1.** Further, at no time during its presentation to the Bankruptcy Court did KCH argue that Nordam had failed to carry its burden because the deposition was not formally entered into evidence, or object to the Bankruptcy Court's consideration of the deposition on the same basis. Whether KCH's counsel failed to object at the hearing because he believed the deposition to be part of the record or as some form of tactical maneuver in the belief that he could argue exclusion should the Bankruptcy Court find against KCH, it is too late now to assert that the deposition was not a proper part of the record available to the Bankruptcy Court in making its decision. ***See, United States v. Stapleton*, 494 F.2d 1269, 1270-71 (9th Cir. 1974); United States v. Lopez, 611 F.2d 44, 47 (4th Cir. 1979) (citing *Stapleton*); *see also*, *Inge v. Procunier*, 758 F.2d 1010, 1015-16 (4th Cir. 1985).** The Linck deposition transcript was an appropriate consideration for the Bankruptcy Court, and KCH's assignment of error, to the extent it is procedurally-based, is without merit.

---

**51-54 (wherein KCH's counsel's summation makes numerous references that tend to indicate his apparent belief that the Linck deposition was properly before the Court for consideration).**

KCH's substantive argument - that even if properly considered, the Linck deposition is insufficient to establish Nordam's claim and is, therefore, insufficient to sustain the Bankruptcy Court's findings - is likewise without merit.  Linck's testimony was sufficient to establish both the existence of deficiencies at the Tulsa project and the costs associated therewith.  He was personally responsible for reviewing KCH's work after KCH departed Tulsa in December 2002.  **Linck Deposition, at 18.**  His testimony was based on first-hand observations and experience, documenting only deficiencies he had personally observed.  ***See, id.*, at 19.**  He coordinated each deficiency with the applicable contract provision governing such work.  ***See, id.*, at 18, 20-21; *see also*, The Nordam Group Inc's Proof of Claim and attachments thereto.**  Linck explained exactly how he determined the amount actually spent (for part 1 of Nordam's claim) and how he determined the future costs to correct the as-of-yet uncorrected deficiencies (for part 2 of Nordam's claim).  **See Linck Deposition, *supra*, at 21-34.**  He also explained his experience with making such assessments.  ***See, id.*, at 31-32.**  Having reviewed the record before the Bankruptcy Court, this Court cannot conclude that the Bankruptcy Court clearly erred in crediting Linck's testimony and finding it

sufficient to establish Nordam's claim.  **See, Bankruptcy Memorandum, ¶ 1.**

Appellant KCH next argues that Nordam should not be allowed to prevail on its claim because Nordam did not present a warranty claim to KCH.  **Appellant's Brief, at 16.**  This Court, like the Bankruptcy Court, finds such argument to be without merit.  **See, Bankruptcy Memorandum, ¶ 2.**  KCH's president/CEO Kenneth Hankinson testified at the bankruptcy hearing that KCH gives a one-year warranty on its work.  **Tr., at 26, 39.**  Hankinson also testified that KCH filed for bankruptcy in June 2003, barely six months into the warranty period.  **Id.**  He further testified he was aware that once KCH filed for bankruptcy its pre-petition creditors had to resort to the bankruptcy proceeding to assert a debt or claim against it.[5]  **Id., at 40;**

---

[5] Appellant appears to argue that none of these facts are relevant because Nordam was not given notice of the bankruptcy filing by KCH.  **See, Tr., at 52-53.**  However, regardless of how it obtained the information, Nordam was aware of the KCH chapter 11 filing.  **See, id., at 54-55.**  Accepting KCH's argument would leave creditors like Nordam in the untenable position of taking their claim straight to the debtor and incurring liability for violation of the automatic stay, or bringing their claim in the bankruptcy proceeding only to have it rejected for not being initially presented directly to the debtor.  **See, 11 U.S.C. § 362(h); *In re ZiLOG, Inc.*, 2006 WL 1642752 (9th Cir. 2006) ("'[A] party with knowledge of the bankruptcy proceedings is charged with knowledge of the automatic stay' for purposes of awarding damages under section 362(h) of the bankruptcy code[.]").**

*see also*, **11 U.S.C. § 362 (automatic stay).** Finally, he admitted that Nordam filed its Proof of Claim in the bankruptcy proceeding prior to the expiration of the one-year warranty period. *Id.* Given such facts, as testified to by KCH's own witness, the Court "does not find that Nordam's failure to make a 'warranty claim' [on KCH prior to filing its Proof of Claim in the bankruptcy proceeding] has any significance to sustaining its proof of claim." **Bankruptcy Memorandum, ¶ 2.**

Appellant KCH next asserts that the Bankruptcy Court clearly erred in allowing part 2 of Nordam's claim because part 2 was nothing more than a "guesstimate." **Appellant's Brief, at 13-14, 19.** The bankruptcy code allows for contingent or unliquidated claims so long as they can be reasonably estimated. *See*, **11 U.S.C. § 502(c).** "In estimating a claim, the bankruptcy court should use whatever method is best suited to the particular circumstances." **4** *Collier on Bankruptcy* **§ 502.04[2] (Lawrence P. King, ed., 15th ed. rev. 2005).** Here, the Bankruptcy Court found Linck's method of estimation reasonable and appropriate in the particular circumstances of this case. **Bankruptcy Memorandum, ¶ 1.** As the Bankruptcy Court explained in its findings:

> Although offered by deposition testimony, Mr. Linck's evidence was detailed and persuasive. With respect to itemization of

> projected costs to complete construction, such matters are inherently somewhat speculative, but Mr. Lin[c]k's projections are detailed, specific and reasonably calculated. They appear as reliable as one could expect for such projections.

*Id.* In his deposition testimony, Linck explained both his qualifications and his experience in estimating repair and correction costs on industrial projects. **Linck Deposition, at 32-33.** He also explained the methods by which he reached his monetary conclusions, and that each deficiency he documented was based on his own first-hand knowledge of same, having observed the deficiency at the Tulsa location. *Id.*, **at 21-34**. The Court cannot find that the Bankruptcy Court clearly erred in crediting Linck's testimony (and exhibits in support thereof) regarding the cost of repairs and corrections that will be necessary as a result of KCH's deficiencies but that have yet to occur.

Finally, KCH argues that it presented sufficient evidence to rebut Nordam's claim, and the Bankruptcy Court clearly erred by not so finding. The burden of proof in regards to a contested proof of claim is well-known.

> Fed. R. Bankr. P. 3001(f) – which modifies the Federal Rules of Evidence in bankruptcy proceedings – dictates that a proof of claim is *prima facie* evidence of the claim's validity and amount. On objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (citation omitted). A

> party objecting to a proof of claim has the burden of going forward to "meet, overcome, or at minimum, equalize the valid claim." *FDIC v. Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1996) (quoting *In re Gridley*, 149 B.R. 128, 132 (Bankr. D.S.D. 1992)). Ordinarily, once the burden of overcoming the *prima facie* validity of the proof of claim is met, the ultimate burden of persuasion always rests on the claimant by a preponderance of the evidence consistent with the general rules of litigation. *Id.*

*In re Frank*, 322 B.R. at 753-54. Here, KCH offered only the testimony of Kenneth Hankinson, KCH's president/CEO, in opposing Nordam's claim. Hankinson did not inspect the Tulsa project in or after December 2002. In fact, by his own testimony, he was only in Tulsa in April 2002.[6] **Tr., at 38.** He could offer no first-hand testimony regarding the manner in which the Tulsa project was completed, nor any first-hand testimony regarding whether any particular deficiency documented by Linck did or did not exist. Although he testified that Nordam made many changes in the clean lines system's plans, appearing to intimate that such changes were the cause of any purported deficiencies, he could produce no documentation in regards to same nor, when specifically asked, could he tie any of the deficiencies

---

[6] Although it is not completely clear, it also appears that Hankinson was only in Tulsa for one day. **See, Tr., at 37 (Q. And did you see Mr. Lin[c]k there when you went [to the Tulsa facility]? A. Mr. Lin[c]k was not around *that day that I was there*, that particular time. (emphasis added)).**

listed by Linck to an amended or changed work order. **Tr., at 44-45, 47.** Finally, as the president/CEO of debtor-appellant KCH, Hankinson was clearly an "interested witness." The Court cannot find that the Bankruptcy Court clearly erred by not finding KCH's evidence sufficient to rebut Nordam's claim. *See*, **Bankruptcy Memorandum, ¶ 1 ("The testimony offered by Mr. Ha[n]kinson of the debtor is insufficient to rebut Nordam's claim because he was not present and did not have first-hand involvement in the matters involved here.").**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Appellant's appeal from the Judgment of United States Bankruptcy Court Judge Marvin R. Wooten, entered February 21, 2006, is **DENIED**, and the Judgment of the Bankruptcy Court is hereby **AFFIRMED**.

Signed: July 14, 2006

Lacy H. Thornburg
United States District Judge